1

2

3                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WASHINGTON
4

GEORGE ASSAD,                        No.   2:16-CV-00256-SMJ
5
                    Plaintiff,
6                                    **ORDER DENYING**
        v.                           **PRELIMINARY INJUNCTION**
7                                    **AND DISMISSING CASE**

MINES MANAGEMENT, INC.,
8  GLENN DOBBS, RUSSELL C.
   BABCOCK, DOUGLAS D. DOBBS,
9  ROY G. FRANKLIN, JERRY G.
   POGUE, ROBERT L. RUSSELL,
10 HECLA MINING COMPANY, AND
   HL IDAHO CORP.,
11
                    Defendants.
12

13        On September 1, 2016, the Court held a hearing on Plaintiff's Motion for

14 Preliminary Injunction, ECF No. 3. Also before the Court are Defendant Mines

15 Management, Inc.'s and the Individual Defendants' Motion to Dismiss, ECF No.

16 42, and Defendants Hecla Mining Company's and HL Idaho Corp.'s Motion to

17 Dismiss, ECF No. 43. This Order memorializes and supplements the Court's oral

18 ruling denying Plaintiff's Motion for Preliminary Injunction and granting

19 Defendants' Motions to Dismiss.

20

ORDER - 1

# I.    INTRODUCTION

In this case Plaintiff George Assad alleges violations of Section 14(a) and Section 20(a) of the Securities Exchange Act of 1934 in connection with a proposed acquisition of Mines Management, Inc. (Mines) by Hecla Mining Company (Hecla). Specifically, Assad alleges that the Defendants withheld certain material information from the proxy statement Defendants filed with the SEC. Assad has moved for a preliminary injunction to enjoin the stockholders vote scheduled for September 12. Defendants have moved to dismiss. In light of a revised proxy statement filed by Defendants, the only remaining issues in this case are whether the Defendants omitted certain "financial projections" from the proxy statement and, if so, whether the omission constituted an omission of material fact that made any portion of the proxy statement misleading.

Assad fails to plead facts sufficient to show that the proxy statement contained a material and misleading omission. He therefore fails to state a claim for violation of Section 14(a). Because Assad has failed to state a claim under Section 14(a), he cannot establish a likelihood of success on the merits, as required to justify a preliminary injunction. Additionally, without a primary Section 14(a) claim, Assad's derivative, control-person claim under Section 20(a) necessarily fails. Accordingly, the Court denies Plaintiff's Motion for a Preliminary Injunction and grants Defendants' Motion to Dismiss.

## II.    JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa.

## III.    BACKGROUND

Mines is an Idaho corporation focused on the acquisition and exploration of silver dominant mineral deposits. ECF No. 1 at 2. Mines is currently working to develop a large silver deposit in northwestern Montana. *Id.* at 3. Assad, who owns a small number of Mines shares, alleges that certain significant milestones towards the development of this deposit were reached in early 2016, including necessary state and federal permits. *Id.* at 5–6.

On May 10, 2016, Mines Management's Board of Directors met concerning an offer from Hecla, a Delaware corporation headquartered in Coer d'Alene, Idaho, to acquire Mines. *Id.* at 7. The Board appointed a special committee to evaluate the transaction. *Id.* at 7–8. On May 21, 2016, the special committee and the Board approved the proposed transaction, and Mines and Hecla entered into an agreement under which Hecla would acquire Mines for 0.2218 Hecla shares for each Mines share. *Id.* at 1–2. Mines and Hecla announced the planned acquisition on May 24, 2016. *Id.* at 1.

Hecla filed a Registration Statement (proxy statement) with the SEC in connection with the proposed transaction on June 29, 2016. ECF No. 1 at 2, 12;

ECF No. 3-1. Assad alleges the registration statement is deficient and misleading because it fails to disclose all material information related to the proposed transaction. ECF No. 1 at 2. Specifically, Assad alleges the Registration Statement (1) "omits material information with respect to the process and events leading up to the Proposed Transaction, as well as the opinions and analyses of Mines Management's financial advisor, [Canaccord Genuity Corp (CG)]"; (2) fails to disclose Mines' financial projections; (3) fails to disclose Hecla's financial projections; (4) fails to provide an adequate valuation summary; (5) fails to disclose certain information CG relied on in its analysis; (6) fails to disclose the details of certain previous proposed transactions; and (7) fails to disclose "the timing and nature of all communications regarding future employment or directorship of Mines Management's officers and directors." *Id.* at 12–13.

Assad filed this action on July 12, 2016, alleging that the alleged deficiencies in the registration statement discussed above violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934. *Id.* at 13–15. On July 15, 2016, Assad moved to preliminarily enjoin the stockholders vote on the proposed transaction, then scheduled for August 10, 2016. ECF No. 3.

Defendants responded to Assad's motion for a preliminary injunction on August 8, 2016, ECF No. 42, and filed a motion to dismiss on the same day. ECF No. 43. Also on that day, Hecla filed a revised proxy statement with the SEC. ECF

No. 41 at 5; ECF No. 41-1. Mines' postponed its stockholder meeting and vote until September 12, 2016. ECF No. 41-1 at 30. Assad filed a reply memorandum on August 25, 2016. ECF No. 55.[1]

## IV.    APPLICABLE LEGAL STANDARDS

### A.    Motion To Dismiss

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not

---

[1] This memorandum is untimely under Local Rule 7.1(c)(2)(B). However, the brief was filed before Plaintiff's deadline for responding to Defendants' motions to dismiss. Accordingly, the Court construes Plaintiff's reply brief as a response to Defendants' motions to dismiss.

'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In the context of securities litigation under the Private Securities Litigation Reform Act, the court may consider SEC filings incorporated by reference into a complaint when deciding a Rule 12(b)(6) motion to dismiss. *Ronconi v. Larkin*, 253 F.3d 423, 427 (9th Cir. 2001).

**B.    Preliminary Injunction Standard**

"Preliminary injunctions are an 'extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (quoting *Winter v. NRDC*, 555 U.S. 7, 24 (2008)). To obtain a preliminary injunction, a plaintiff must demonstrate that "(1) [he] is likely to succeed on the merits of [his] claim, (2) [he] is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in [his] favor, and (4) a preliminary injunction is in the public interest." *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015) (citing *Winter*, 555 U.S. at 20). Whether the plaintiff is likely to succeed on the merits is a threshold inquiry— "when 'a plaintiff has failed to show the likelihood of success on the merits, [the court] need not consider the remaining three *Winter* elements.'" *Garcia*, 786 F.3d at 740 (quoting *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)) (internal quotation marks and alterations omitted).

## V.    DISCUSSION

**A.    Assad fails to state a claim or show likelihood of success on the merits under Section 14(a) of the Securities Exchange Act of 1934.**

Assad alleges that the proxy statement violated Section 14(a) of the Securities Exchange Act of 1934 by omitting "material facts necessary to make the statements therein not materially false or misleading." ECF No. 1 at 13, ¶ 73. Defendants argue that Assad has not identified any false or misleading statement in the proxy statement and that Assad's assertions that certain material was omitted from the proxy statement are insufficient to state a claim. ECF No. 41 at 8–12.

Section 14(a) of the Securities Exchange Act and SEC Rule 14a–9 prohibit proxy statements containing "either (1) a false or misleading declaration of material fact, or (2) an omission of material fact that makes any portion of the statement misleading." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000) (citing 15 U.S.C § 78n(a); 17 C.F.R. § 240.14a-9(a)).  To state a claim for violation of Section 14(a) and SEC Rule 14a–9, "a plaintiff must establish that '(1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction.'" *N.Y.C. Emps. Ret. Sys. v. Jobs*, 593 F.3d 1018, 1022 (9th Cir. 2010) (quoting *Tracinda Corp v. DaimlerChrysler AG*, 502

1   F.3d 212, 228 (3d Cir. 2007)), *overruled on other grounds by Lacy v. Maricopa*

2   *Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).

3        Because class-action claims under Section 14(a) are subject to the Private

4   Securities Litigation Reform Act (PSLRA), *see* 15 U.S.C. § 78u-4(a)(1), the

5   PSLRA's more exacting pleading requirements also apply. *See Police Ret. Sys. of*

6   *St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1058 (9th Cir. 2014).

7   Accordingly, a plaintiff must (1) "specify each statement alleged to have been

8   misleading, the reason or reasons why the statement is misleading, and, if an

9   allegation regarding the statement or omission is made on information and

10  belief, . . . state with particularity all facts on which that belief is made," 15 U.S.C.

11  § 78u-4(b)(1); (2) "state with particularity facts giving rise to a strong inference

12  that the defendant acted with the required state of mind," *Id.* at § 78u-4(b)(2)(A);

13  and (3) show that "the act or omission of the defendant alleged to violate this

14  chapter caused the loss for which the plaintiff seeks to recover damages." *Id.* at

15  §78u-4(b)(4). The requisite level of culpability for a Section 14(a) claim is

16  negligence. *SEC v. Das*, 723 F.3d 943, 954 (8th Cir. 2013); *Knollenberg v.*

17  *Harmonic, Inc.*, 152 Fed. Appx. 674, 682–83 (9th Cir. 2005). To demonstrate loss

18  causation, the plaintiff must connect the proxy misstatements with an actual

19  economic harm. *N.Y.C. Emps. Ret. Sys.*, 593 F.3d at 1023.

20

In his motion for a preliminary injunction, Assad argues that the proxy statement failed to disclose four categories of material information, in violation of Section 14(a): (1) Mines' and Hecla's financial projections; (2) information concerning the analysis performed by CG in its fairness opinion; (3) confidentiality agreements entered into by Mines and potential bidders; and (4) potential conflicts of interest. ECF No. 3 at 3–9. However, Assad acknowledges in his reply brief, ECF No. 55, and the parties agreed at oral argument that in light of the revised proxy statement filed on August 8, 2016, only the alleged omission of Mines' and Hecla's financial projections remain at issue. Accordingly, the Court first considers whether Assad has established that by allegedly omitting these projections, the proxy statement contained a material misrepresentation or omission. *See N.Y.C. Emps. Ret. Sys.*, 593 F.3d at 1022.

"An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *Miller v. Thane Intern., Inc.*, 519 F.3d 879, 889 (9th Cir. 2007) (quoting *TSC Indus. Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)). This standard contemplates "a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder," or, stated differently, "there must be a substantial likelihood that the disclosure of the omitted fact would have been

viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus.*, 426 U.S. at 449.

First, while the complaint alleges that the proxy statement "fails to disclose Mines Management's financial projections" and "fails to disclose Hecla's financial projections," ECF No. 1 at 12, ¶¶ 62, 63, it does not explain what specific projections were omitted or provide any basis to conclude that such projections exist. Assad cites to a statement in the registration statement that CG "reviewed Mines Management's . . . confidential forecasts," ECF No. 3 at 4; 3-1 at 49. But it is not clear that "confidential forecasts" are the same thing as the "financial projections" Assad alleges were not disclosed.

Second, the complaint does not provide any basis to conclude that the "financial projections", are material. Assad makes only the conclusory statement that the "omitted information, if disclosed, would significantly alter the total mix of information available to Mines Management's stockholders." ECF No. 1 at 1, ¶ 60. The complaint contains no explanation for that statement, nor are there any pleaded facts from which it can be inferred that that is the case. Assad's counsel suggested at oral argument that the forecasts are material simply because CG may have considered them in rendering its opinion. But Assad cites no authority for the proposition that all material considered by a financial advisor in the course of evaluating a proposed transaction is material and must be included in a proxy

statement. In fact, there is substantial authority to the contrary. With respect to financial projections in particular, they are inherently subjective and not generally required in proxy statements. *See Desaigoudar*, 223 F.3d at 1023–24 ("The SEC has historically disfavored forecasts and value estimates in proxy statements."). Further, the Ninth Circuit has held that "[n]o *reasonable* shareholder would . . . consider [an estimate based on subjective factors] important in deciding how to vote." *Id.* at 1024.

It appears that what Assad is actually alleging is not that specific material information was omitted, but that there might be some *additional* information that was not disclosed that he would like to have. This is plainly inconsistent with what is required to state a claim for violation of Section 14(a), and courts routinely have rejected similar arguments. *See, e.g.*, *Greenthal v. Joyce*, 2016 WL 362312, at *5 (S.D. Tex. Jan. 29, 2016) ("Here, Plaintiff does not allege that the information in the proxy statement is misleading; Plaintiff simply requests additional information."); *Gottlieb v. Willis*, 2012 WL 5439274, at *3 (D. Minn. Nov. 7, 2012) (dismissing rule 14a-9 claim where plaintiff cited "various truthful statements made in the proxy statement and argue[ed] . . . that defendants must tell her more about the subject of those statements.").

Even if material information was omitted from the proxy statement, Assad has not established that the omission was misleading. Omitting information from a

proxy statement violates Rule 14a-9 only if the information is "necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9(a). The rule "is concerned only with whether a proxy statement is misleading with respect to its presentation of material facts." *TSC Indus. v. Northway*, 426 U.S. 538, 462 (1976).

As discussed above, the complaint makes the conclusory statement that the "omitted information, if disclosed, would significantly alter the total mix of information available to Mines Management's stockholders." ECF No. 1 at 1, ¶ 60. But the complaint never explains how the allegedly omitted information is *misleading*. This conclusory statement is insufficient under the ordinary pleading standard, *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."), and is even more obviously inadequate under the heightened PSLRA pleading standards, which require a plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is made," 15 U.S.C. § 78u-4(b)(1).

Because Assad has not established that the proxy statement contained a material misrepresentation or omission, his Section 14(a) claim fails. The court

need not consider, whether Assad has properly alleged injury, causation, and culpability. Because Assad fails to state a claim for violation of Section 14(a), he cannot show likelihood of success on the merits for the purpose of a preliminary injunction.

**B.    Assad fails to state a claim or demonstrate likelihood of success on the merits under Section 20(a).**

Section 20(a) provides:

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable . . . , unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). "[T]o state a prima facie case of control-person liability, the plaintiff must establish (1) a primary violation of the securities laws and (2) 'control' over the primary violator by the alleged controlling person." *Lane v. Page*, 581 F. Supp. 2d 1094, 1031 (D. N.M. 2008) (quoting *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1270–71 (10th Cir. 2001)).

For the reasons discussed above, Assad has not stated a claim or shown a likelihood of success on the merits with respect to a primary violation under Section 14(a). Accordingly, Assad's Section 20(a) claim fails. *See N.Y.C. Emps. Ret. Sys.*, 593 F.3d at 1021; *Lane*, 581 F. Supp. 2d at 1031.

**CONCLUSION**

For the reasons discussed, Plaintiff fails to state a claim for violation of Sections 14(a) or 20(a) of the Securities Exchange Act of 1934. Because plaintiff fails to state a claim upon which relief may be granted, he cannot show likelihood of success on the merits for the purpose of a preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff George Assad's Motion for a Preliminary Injunction, **ECF No. 3**, is **DENIED**.

2.    Defendant Mines Management, Inc.'s and the Individual Defendants' Motion to Dismiss, **ECF No. 42**, and Defendants Hecla Mining Company's and HL Idaho Corp.'s Motion to Dismiss, **ECF No. 43**, are **GRANTED**.

3.    All claims are **DISMISSED** with prejudice.

4.    All hearings and other deadlines are **STRICKEN**.

5.    The Clerk's office is directed to **CLOSE** this file.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of September 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER - 14